UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALERIS ROLLED PRODUCTS, INC., | Case No. 1:20-cv-00281 |
| Plaintiff and Counterclaim Defendant, | Judge J. Philip Calabrese |
| v. | Magistrate Judge David A. Ruiz |
| ANDRITZ SUNDWIG GMBH, *et al.*, | |
| Defendants and Counterclaim Plaintiffs. | |

**OPINION AND ORDER**

Aleris Rolled Products entered into two contracts with ANDRITZ Sundwig GmbH and ANDRITZ Deutschland Beteiligungs GmbH to design and manufacture two product lines at Aleris's aluminum plant in Lewisport, Kentucky at a combined price in excess of $67 million. Had that project gone as anticipated, this dispute in which the parties assert claims and counterclaims against one another would not be before the Court. After commencement of this litigation, a sale of the facility at issue closed in December 2020 as part of a court-ordered transaction resolving competition claims. *See United States v. Novelis Inc.*, No. 19-cv-02033, 2020 WL 6108967 (N.D. Ohio Aug. 26, 2020).

This discovery dispute arises from Andritz's request for discovery relating to that sale. Aleris produced a redacted copy of the purchase agreement, but Andritz seeks additional information that falls generally into four categories (as the Court

sees the requests). The Court has considered the parties' respective letter briefs regarding their dispute, including two attachments Andritz included with its submission.[1] Additionally, the Court analyzed the unredacted purchase agreement and its schedules submitted for *in camera* review. Having done so, the Court addresses the key issues in dispute in turn.

### 1. Attorneys'-Eyes-Only Protective Order

As a threshold matter, the Court notes that it entered a protective order in this case to facilitate discovery that includes a category for highly confidential documents limiting their production to outside counsel only. (ECF No. 30.) One might fairly think, as Andritz does, that such an order resolves any concerns a producing party may have about improper disclosure of trade secrets or other confidential or proprietary information. Production under the protective order now, however, simply defers the issues Aleris raises, which will almost certainly recur in follow-up written discovery, depositions, and summary judgment practice. Therefore, the Court will not take the easy way out by ordering production of the purchase agreement under the protective order.

---

[1] On March 23, 2021, the Court directed the parties to submit their respective letter briefs, *limited to 10 pages*. Andritz has complied with neither the letter nor the spirit of this directive. It submitted a 10-page letter brief, plus exhibits including a 7-page single-spaced summary arguing why it claims to need the material it seeks to discover. Such non-compliance would justify summary denial of the discovery Andritz seeks. Though tempted, the Court will not enforce a procedural bar in the interest of moving this dispute toward finality without prejudicing either party's litigating positions. However, the parties are on notice through this Order as well as the Court's Civil Standing Order (available on the Court's website) that the Court will strike or not consider such non-compliant submissions in the future.

Aleris raises concerns about the risks from disclosure of trade secrets and commercially sensitive information from a recent transaction, particularly in an industry so concentrated that competition authorities raised issues. The Court finds that the purchase agreement does contain confidential information and trade secrets and that Aleris has shown good cause for at least some additional protection against disclosure, even considering the protections already in place in the protective order. Therefore, the Court will not order production of an unredacted version of the purchase agreement even under the protective order.

### 2.     Purchase Price

Andritz seeks disclosure of the purchase price for the December 2020 transaction, which Aleris resists as not relevant because that price included a second facility and other tangible and intangible assets. To be sure, the purchase price does not completely align with the issues and arguments (relating to damages in particular) in this litigation. But it is not irrelevant within the meaning of Rule 26, and it may bear on the parties' respective claims and defenses relating to damages (or possibly other issues). In that regard, the purchase price is not dispositive. It is a snapshot at a moment in time, and an imperfect one at that. But it is information the parties' respective experts should have for consideration in formulating their opinions. Therefore, the Court orders Aleris to produce an unredacted copy of Section 2.4 of the purchase agreement (ALERIS-AND00468214) and Section 2.8 (ALERIS-AND00468216–19.)

*     *     *

At bottom, the purchase price may bear on the parties' respective claims and defenses. And Andritz is entitled to some ability to determine, if factually possible, the allocation of the purchase price between the CALP lines at issue and other assets sold. Further, Andritz may seek to gain some understanding of the basis for that allocation. Andritz seeks disclosure of a significant volume of material from the purchase agreement (itself hundreds of pages long exclusive of exhibits) that goes far beyond these parameters.

Discovery, though liberal, is not without limits. It is not a fishing expedition, and it must be proportional to the needs of the case. Here, the uses to which the parties may put the discovery Andritz seeks weighs greatly on the proportionality analysis. That is, the purchase agreement presents a subsidiary matter that may bear on damages to some degree. Discovery on many, perhaps most, of these matters threatens to take the parties and the Court into disputes and ultimately litigation over wholly collateral issues. Therefore, except as set forth below, the Court strongly presumes that additional information at issue in this discovery dispute is not discoverable (though the parties have greater visibility into the material items that bear on that determination).

Beyond the purchase price, the information Andritz seeks includes the following.

### 2.A. Contracts and Liabilities

Based on the redacted purchase agreement produced, Andritz argues it cannot tell what assets were included in the sale. In particular, Andritz seeks to understand whether Aleris transferred or retained the contracts at issue in this litigation,

4

including any causes of action, and whether Aleris retained any part of the systems and equipment. Upon review of the purchase agreement and its schedules, it does not appear that Andritz's stated concern about the contracts at issue in this litigation has any foundation. That is, Aleris did not transfer the contracts at issue or any relevant cause of action.

Additionally, the Court finds that, except as included in this Order, the redacted purchase agreement generally provides sufficient information to understand the transaction and what assets transferred. For example, Schedule 2.1(a) listing divestiture assets and Schedule 2.1(c) tie to specific unredacted provisions of the purchase agreement. The overwhelming majority of the accompanying schedules contain Aleris trade secrets and require the disclosure of information not proportional to the needs of the case. Therefore, the Court declines to order further production.

### 2.B. Representations and Warranties

Andritz seeks disclosure of certain representations and warranties to understand the assumptions that build into valuation of the purchase price. Specifically, Andritz points to the representations made in Section 3.4 (Consents and Approval; No Violation), Section 3.8 (Divestiture Assets), Section 3.11 (Litigation), Section 3.14 (Divested Business Contracts), and Section 3.16 (Environmental Matters) and the schedules referenced in each. Upon review of these materials, the Court finds only Schedule 3.16 may be material. Aleris must either disclose an unredacted version of that schedule or the aggregate range of valuations associated with those items disclosed relating to the Lewisburg facility.

### 2.C. Indemnities and Covenants

Article IX of the purchase agreement contains indemnities, which Andritz seeks. Further, Andritz requests covenants relating to particular matters, including those in Section 6.18 (Release) and Section 6.22 (Litigation Support), misidentified in its letter brief as Section 3.22. The Court finds that the indemnification provisions in Section 9.1, Section 9.2, Section 9.5, and Section 9.6 (ALERIS-AND00468273–74 & ALERIS-AND00468276–77) may bear on the purchase price, though not generally subject to disclosure under Rule 26(a)(1)(A)(iv). Therefore, the Court orders Aleris to produce unredacted copies of these sections. Additionally, the Court finds that the other provisions Andritz identifies do not bear on this action and their disclosure is not proportional to the needs of the case.

### 2.D. Relevant Employee Information

Exhibit 6.11(a) to the purchase agreement identifies a list of employees who continued working at the facility and transferred employment upon sale of the CALP lines. This exhibit provides considerably more information than just the identities of those employees. Absent a specific showing of why such information is relevant for any particular employee, the Court declines to order its production. The other tools of discovery suffice to disclose to Andritz the identities of potentially relevant fact witnesses or those who may have discoverable information.

### CONCLUSION

Consistent with these findings, and upon review of the information Andritz seeks, the Court orders Aleris to produce unredacted copies of the following, to

provide sufficient information to understand what assets transferred in a way proportional to the needs of this case without unfairly prejudicing Aleris:

- Section 2.4 (ALERIS-AND00468214);
- Section 2.8 (ALERIS-AND00468216–19);
- Schedule 3.16 (ALERIS-AND00468576–77) or the aggregate range of valuations associated with those items disclosed;
- Section 9.1, Section 9.2, Section 9.5, and Section 9.6 (ALERIS-AND00468273–74 & ALERIS-AND00468276–77).

All documents the Court orders produced pursuant to this order are subject to the Attorneys'-Eyes-Only designation under the protective order.

The Court directs Aleris to produce the documents and information that are the subject of this Order by April 26, 2021. To the extent Aleris relies on evidence or arguments relating to the purchase agreement (through fact or expert testimony) to support any claim or defense, but fails to produce that information, the Court will not allow Aleris to use such evidence.

If either Aleris or Andritz require clarification or seek reconsideration of any aspect of this order, the parties shall personally confer in good faith before involving the Court. As discussed on the status conference on April 16, 2021, if the parties require clarification, they shall promptly advise the Court, which will schedule a telephone conference to address any questions. If Aleris seeks reconsideration of any disclosure ordered, it shall do so—after conferring with Andritz—before April 26, 2021 but provide any other information subject to this Order by that deadline. If

7

Andritz seeks reconsideration by requesting further specific disclosures, it shall do so—after conferring with Aleris—no later than May 5, 2021.  However, the Court will not entertain reconsideration absent a rationale consistent with the basis for the disclosures in this Order.

Finally, for purposes of the record, the parties may request that the Court include their letter briefs on the docket.  If the parties have any disagreement on that issue, it will be a topic for the next status conference.

**SO ORDERED.**

Dated:  April 16, 2021

                                             J. Philip Calabrese
                                             United States District Judge
                                             Northern District of Ohio